**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM BRISKI,

Plaintiff, 3:26-cv-840 (ECC/ML)

v.

STATE OF NEW YORK,

Defendant.

---

William Briski, *Pro se Plaintiff*
Elizabeth Lombardi, Asst. Att'y General, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

*Pro se* Plaintiff William Briski commenced this action against Defendant State of New York alleging that two New York State Troopers detained him for approximately 15 minutes after two traffic tickets were printed. *See* Complaint (Compl.), Dkt. No. 1. After Defendant filed a motion to dismiss, Dkt. No. 5, Plaintiff filed an amended complaint with the same allegations. *See* Amended Complaint (Am. Compl.), Dkt. No. 11. Presently before the Court is Defendant's motion to dismiss the amended complaint[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) (subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim). Dkt. Nos. 5, 15. Plaintiff did not file an opposition to the motion to dismiss. For the following reasons, Defendant's motion to dismiss is granted, and Plaintiff's amended complaint is dismissed.

---

[1] The motion to dismiss is considered against the amended complaint as requested by Defendant. Dkt. Nos. 13, 15.

## II. FACTS[2]

On an unspecified date, Plaintiff was detained by New York State Troopers O'Sullivan and Vitale for approximately 15 minutes "after [his] two traffic tickets were printed." Am. Comp. at 1.[3] Vitale "hesitated" after encountering Plaintiff, "then walked back to O'Sullivan." *Id.* at 12. O'Sullivan "did not act as backup for Vitale," and "just stood on the shoulder in a meek and passive way." *Id.* at 8. On one prior occasion, Plaintiff had been pulled over by Vitale in Hunter, New York, which did not result in a ticket, "but it left a lasting impression" on Plaintiff. *Id.* at 5. Vitale "struck [Plaintiff] as being [too] intense." *Id.* Vitale was "rude and disrespectful" towards Plaintiff during this previous encounter. *Id.* at 6. On another separate occasion, Plaintiff was pulled over by Vitale, who "showed no interest in why [Plaintiff] was hauling [his] load." *Id.*

"New York State trains there troopers recuits for 36 weeks at there academy in Albany New York. They should have, but did not properly train these two troopers in the constitutional rights every person has," including that "the moment a ticket is printed the person me has to be cut loose." Am. Compl. at 3.

## III. STANDARD OF REVIEW

"A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim." *Rajkarnikar v. Ernst & Young*, No. 22-cv-1082, 2023 WL 5020960, at *2 (D. Conn. Aug. 7, 2023) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction 'bears the burden

[2] These facts are drawn from the amended complaint. Dkt. No. 11.

[3] Unless otherwise noted, citations to page numbers refer to pagination generated by the ECF system. Furthermore, excerpts from the record are produced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

of proving subject matter jurisdiction by a preponderance of the evidence.'" *Id.* (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).

"When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint." *Id.* at *3 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "However, the court is 'not to draw inferences from the complaint favorable to the plaintiffs.'" *Id.* (quoting *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). "Rather, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Id.* (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

## IV. DISCUSSION

Read liberally, the amended complaint asserts claims of unreasonable seizure in violation of the Fourth Amendment and failure to train under 42 U.S.C. § 1983. Defendant argues that Plaintiff's claims are barred by the Eleventh Amendment. *See* Dkt. No. 5-2 at 8–9. Plaintiff's only response to the motion to dismiss is the amended complaint, which states that there is subject matter jurisdiction because he has alleged (1) a Fourth Amendment violation and (2) that Defendant "was grossly negligent in not instilling in the troopers that the moment a ticket is printed the person me has to be cut loose." Am. Compl. at 1–2.

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Unkechaug Indian Nation v. Seggos*, 126 F.4th 822, 829 (2d Cir. 2025) (citation omitted). Absent a State's waiver of its immunity, or valid abrogation of that immunity by appropriate federal legislation, "federal courts may not entertain a private person's suit against a State," *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011), or "certain actions against state agents and state instrumentalities," *Baroni v. Port Auth. of N.Y. &*

*N.J.*, 161 F.4th 48, 56 (2d Cir. 2025) (citation omitted). In addition, it is well-settled that New York has not waived, nor has Congress abrogated, its sovereign immunity with respect to claims brought under 42 U.S.C. § 1983. *See, e.g.*, *Morris v. N.Y. State Police*, 268 F. Supp. 3d 342, 359 (N.D.N.Y. 2017) ("the State of New York has not waived its sovereign immunity from 1983 claims in federal court. Nor has Congress validly abrogated New York's sovereign immunity from these claims.") (citing *Jackson v. Battaglia,* 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014)); *see also Walker v. N.Y. State Just. Ctr. for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("Congress did not abrogate the States' sovereign immunity when it enacted [§ 1983], and New York has not waived its immunity.") (citing *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity.") (internal citations omitted); *Keitt v. City of New York*, 882 F. Supp. 2d 412, 447 (S.D.N.Y. 2011) (holding plaintiff's § 1983 claim "against the State of New York and its agencies, including any claims for damages, are . . . barred by the 11th Amendment.")).

Because Congress has never abrogated New York's sovereign immunity from claims under 42 U.S.C. § 1983, and New York has never waived its sovereign immunity, Plaintiff's claims are barred by the Eleventh Amendment and therefore dismissed.[4] *See, e.g.*, *Gentry v. New York*, No. 21-cv-319 (GTS/ML), 2021 WL 3037709, at *2, *5 (N.D.N.Y. June 14, 2021) (concluding that New York State could not be sued under § 1983 for failing to "'properly train' its state police officers, leading to [plaintiff's] false arrest . . . ."), *report and recommendation adopted*, 2021 WL 3032691 (N.D.N.Y. July 19, 2021); *Brooks v. New York*, No. 22-cv-6283, 2022 WL 4586044, at

[4] Because the Court does not have subject matter jurisdiction over this claim, the Court cannot consider the remainder of Defendant's motion to dismiss.

*1–2, n. 1 (S.D.N.Y. Sept. 29, 2022) (same where plaintiff sought, among other relief, a permanent injunction "requiring training . . . law enforcement officers regarding free speech rights")).

## V. LEAVE TO AMEND

Although Plaintiff has not requested leave to amend, "[o]rdinarily, a court 'should not dismiss' a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118 (N.D.N.Y. 2023) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Here, granting Plaintiff leave to amend his complaint as to the State of New York would be futile "because any claim his Complaint may present is barred by sovereign immunity and this Court thus lacks subject matter jurisdiction to hear them." *Gupte v. U.S. Postal Serv.*, No. 24-cv-907, 2024 WL 4871893, at *3 (D. Conn. Nov. 22, 2024). It is, however, at least conceivable that Plaintiff could state a cognizable claim under the facts alleged.

As a result, Plaintiff may file a second amended complaint within thirty days. In any amended complaint, Plaintiff should expressly enumerate the claims he intends to assert. Plaintiff must clearly set forth the facts that give rise to these claims, including the date and place of the alleged acts and an explanation of how any defendant is liable for each wrongful act. Plaintiff should include all factual allegations in any amended complaint to ensure that the Court will consider them if the defendant moves to dismiss any amended complaint. Finally, any amended complaint will replace the existing complaint; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal

effect.") (citation omitted). If Plaintiff fails to file an amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 5, is **GRANTED** and the complaint is **DISMISSED without prejudice but without leave to amend as against Defendant State of New York;** and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint consistent with the above decision; and it is further

**ORDERED** that any second amended complaint must be filed within thirty days of the date of this Memorandum-Decision and Order, and it is further

**ORDERED** that, if Plaintiff fails to file a second amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Elizabeth C. Coombe
U.S. District Judge